IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LSCG FUND 19, LLC,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:17-cv-03956

WILLIAM L. TONEY, JR. and
BERNARD W. HOLLIDAY, JR.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion to Dismiss the Crossclaim of Defendant Bernard W. Holliday, Jr.* (Document 13) and *Memorandum of Law in Support* (Document 14), to which the Defendant filed no response. For the reasons stated herein, the Court finds that the motion should be granted.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiff initiated this suit by filing a complaint in this Court on September 8, 2017, alleging breach of contract against the Defendants, William Toney and Bernard Holliday, for failure to pay their obligations on several different deeds of trust. The complaint alleges that Mr. Toney and Mr. Holliday, as president and vice president of Engineering & Testing 2000, Inc. ("Engineering & Testing" or "the company"), executed certain promissory notes in the amounts of $216,000 and $130,000. The notes were originally obtained through Branch Banking & Trust

1

Company (BB&T) but were eventually assigned to the Plaintiff. To secure those notes, Mr. Holliday and Mr. Toney personally executed Guaranty Agreements, wherein they agreed to guarantee payment on the promissory notes. Engineering & Testing eventually defaulted on the notes and filed for bankruptcy. The Plaintiff initiated this action against Mr. Toney and Mr. Holliday to obtain payment based on their personal obligations under the executed guaranty agreements.

Mr. Holliday filed his answer to the Plaintiff's complaint on October 12, 2017, and included a cross claim against Defendant William Toney (Document 8). Mr. Toney failed to respond to the complaint, and on October 25, 2017, the Plaintiff filed a motion for entry of default against him (Document 11). The Clerk entered default against Mr. Toney, and on April 12, 2018, the Plaintiff filed a motion for default judgment regarding Mr. Toney. On July 6, 2018, judgment was entered against Mr. Toney in the amount of $206,914.58 plus interest and attorney's fees. The Plaintiff now moves to dismiss Mr. Holliday's cross claim against Mr. Toney pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mr. Holliday has filed no response in opposition, and the motion is ripe for the Court's review.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept

the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the party seeking jurisdiction, in this case a Defendant filing a cross claim, to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The party seeking jurisdiction also has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

## DISCUSSION

The Plaintiff moves the Court to dismiss Mr. Holliday's cross claim against Mr. Toney, arguing that it does not arise out of the same transaction or occurrence as that in question in the Plaintiff's complaint. The Plaintiff asserts that the facts and law raised in its complaint are wholly different than those raised by Mr. Holliday in his cross claim, and that "there is no overlap between them." (Pl.'s Mem. in Supp. at 6.) Specifically, the Plaintiff argues that its complaint alleges that the Defendants executed promissory notes that they personally guaranteed, and their failure to pay according to the guaranty agreements constitutes a breach of contract. The Plaintiff argues that Mr. Holliday's cross claim, however, alleges that Mr. Toney converted company funds and holdings for his own use and conspired to embezzle funds from the company. The Plaintiff asserts that these allegations have nothing to do with Mr. Holliday's alleged failure to make the necessary payments required under his personal guaranty agreement. The Plaintiff also argues that the evidence required to prove Mr. Holliday's allegations against Mr. Toney would be

3

completely different than and separate from the evidence required to prove the allegations in its complaint, and that there is no logical relationship between the complaint and Mr. Holliday's cross claim.

In a connected argument, the Plaintiff claims that Mr. Holliday's cross claim should be dismissed because it is so unrelated to the underlying complaint that it is not part of the same case or controversy. The Plaintiff argues that Mr. Holliday's allegations in the cross claim are "substantively unrelated and unconnected" to the allegations in the complaint, are state law claims that would normally be tried in state court, and are thus not part of the same case or controversy as the complaint. (*Id.* at 9-10.)

Lastly, the Plaintiff argues that even if the Court were to find that it could exercise supplemental jurisdiction over the cross claim, it should decline to do so. According to the Plaintiff, the allegations in the cross claim would require extensive discovery and evidentiary proof such that they would predominate over the "very routine and straightforward" claims of default and breach of contract the Plaintiff alleges. (*Id.* at 10-11.)

According to the Federal Rules of Civil Procedure,

> [a] pleading may state as a crossclaim any claim by one party against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action . . .

Fed. R. Civ. P. 13(g). Courts in this district and the Northern District of West Virginia have used factors established by the Fourth Circuit to determine whether a counterclaim is compulsory in analyzing whether a cross claim arose out of the same transaction or occurrence as the underlying complaint in which the cross claim was filed. *See, Podiatry Ins. Co. of Am. v. Falcone*, No.

4

CIV.A. 3:10-1106, 2011 WL 1750708, at *3 (S. D. W. Va. Feb. 25, 2011) (Chambers, J.); *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, 226 F.R.D. 259, 261 (N. D. W. Va. 2004). Those criteria are (1) whether "the issues of fact and law raised in the claim and cross-claim are largely the same," (2) whether "substantially the same evidence [will] support or refute the claim as well as the cross-claim," and (3) whether "there [is] any logical relationship between the complaint and the cross-claim." *Falcone*, 2011 WL 1750708, at *3 (quoting *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988)).

Here, the Court finds Mr. Holliday's cross claim did not arise from the same transaction or occurrence as the subject matter of the Plaintiff's complaint. As to the first factor, there is very little overlap in fact or law between the Plaintiff's claims and Mr. Holliday's cross claim. The Plaintiff is seeking to recover for a breach of contract based on the Defendants' alleged failure to complete their obligations under the terms of the guaranty agreements they executed. The facts and law pertinent to those allegations are whether the Defendants did, in fact, personally execute enforceable guaranty agreements as to the promissory notes, and if so, whether they met the obligations under those agreements. Mr. Holliday, however, alleges that Mr. Toney wrote himself checks from the company's bank account and converted company property for his personal use. A determination of these allegations would require consideration of factual and legal issues separate from and different than those surrounding the Plaintiff's claims of breach of the guaranty agreements.

Secondly, the same evidence will not support or refute the Plaintiff's complaint and Mr. Holliday's cross claim. Whether or not Mr. Toney was wrongly transferring company property into his own possession and attempting to embezzle funds has no bearing on whether Mr. Holliday

5

is personally liable for the promissory note based on a guaranty agreement and whether he lived up to the obligations of that agreement.  Similarly, as to the last factor, there is very little, if any, significant relationship between the complaint and the cross claim supporting a conclusion that the two arise out of the same transaction or occurrence.  Again, the Plaintiff's complaint alleges that the Defendants breached their guaranty agreements by failing to make payments after Engineering & Testing defaulted on its loans.  Mr. Holliday's cross claim, however, alleges that Mr. Toney converted company property for his own personal use.  Whether or not Mr. Holliday's allegations are true has no bearing on whether Mr. Holliday and Mr. Toney were personally responsible for the loan the company received.

In sum, the Court finds that the Plaintiff's complaint and Mr. Holliday's cross claim do not arise out of the same transaction or occurrence, and the Court therefore cannot exercise subject matter jurisdiction over it.  Whether or not Mr. Holliday personally executed a guaranty agreement and breached that agreement by failing to personally make payments on the defaulted loan does not relate to whether Mr. Toney wrongly converted company property to use on his own behalf.

Because the Court has found that it does not have subject matter jurisdiction over the cross claim, it need not address the Plaintiff's remaining arguments.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Dismiss the Crossclaim of Defendant Bernard W. Holliday, Jr.* (Document 13) be **GRANTED** and that Defendant Bernard Holliday's cross claim be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 7, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA